UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES LITTON MORRIS,

    Plaintiff,

v.                                                    Case No. 3:23cv739-LC-HTC

ESCAMBIA COUNTY,

    Defendant.

_____/

REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Escambia County's Motion to Dismiss, ECF Doc. 17-1.[1]  Plaintiff has filed a response in opposition.  ECF Doc. 22.  Upon consideration, the undersigned respectfully recommends Defendant's motion be GRANTED and this case be DISMISSED because Plaintiff has failed to exhaust his administrative remedies.

## I.    Background

On January 11, 2023, Plaintiff Charles L. Morris, who was at that time, a pretrial detainee housed at the Escambia County Jail (the "Jail"), filed this action against Defendant Escambia County (the "County") for failing to provide him with

---

[1] Defendant attached the motion to dismiss to a motion to file out of time.  When the Court granted the motion to file out of time, the Court directed the clerk to separately docket the motion to dismiss.  The clerk, however, inadvertently failed to do so.  Thus, the motion to dismiss is found at ECF Doc. 17-1.

a hernia surgery and aggravating his condition through work assignments. ECF Doc. 1. Specifically, Plaintiff claims he suffered from a right-side inguinal hernia to his lower abdomen and that despite this medical condition, Jail staff required him to work a job that involved heavy lifting and traveling up a stairway. *Id.* Plaintiff also alleges medical staff avoided treatment based on a cost-saving policy at the Jail.

In the complaint, Plaintiff seeks injunctive relief (to have the surgery) and monetary damages for Defendant's violation of the Eighth Amendment. However, since filing suit, Plaintiff has been transferred to the custody of the Florida Department of Corrections ("FDOC") and received the surgery he needed on April 1, 2023. ECF Doc. 22 at 14. Therefore, Plaintiff's request for injunctive relief from Defendant is moot.

## II.     Legal Standard

When evaluating a motion to dismiss under Rule 12(b)(6), the question is whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (citation omitted). However, "[l]abels and conclusions" or "a formulaic recitation of the elements of a cause of action" that

amount to "naked assertions" will not suffice. *Id.* (quotations and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

Also, in considering a motion to dismiss for failure to state a claim, the Court reads Plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and accepts "[a]ll well-pleaded facts in plaintiff's complaint and all reasonable inferences drawn from those facts . . . as true." *McGinley v. Houston*, 361 F.3d 1328, 1330 (11th Cir. 2004) (citation omitted).

### III. Discussion

In its motion, the County raises three grounds for dismissal: (1) Plaintiff no longer faces an imminent physical danger so he can no longer proceed under that exception to the three-strikes rule in 28 U.S.C. § 1915(g); (2) Plaintiff fails to allege "an officially promulgated policy" of the County or that the County established a custom or practice through the repeated acts of a final policymaker; and (3) Plaintiff failed to exhaust administrative remedies. ECF Doc. 17-1. As explained below, the undersigned finds the County is not entitled to dismissal based on the first two grounds but agrees Plaintiff has failed to exhaust administrative remedies.

### A.   Imminent Danger Exception

At the time Plaintiff filed this action, the Court determined that despite his 3-striker status, he was entitled to proceed *in forma pauperis* because the lack of treatment for his hernia constituted an imminent risk of serious physical injury. *See* 28 U.S.C. § 1915(g);[2] ECF Doc. 5.  As stated above, since that time, Plaintiff has received surgery to repair his hernia while in FDOC custody.  Thus, Defendant argues Plaintiff no longer qualifies for *in forma pauperis* status, as he is no longer under imminent threat of serious physical harm.  Defendant is incorrect.

The Eleventh Circuit, like other circuits, has made clear that whether a plaintiff is under imminent danger of serious physical harm under §1915(g) is made "at the time he filed his complaint." *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *see also Smith v. Dewberry,* 741 F. App'x 683, 687 (11th Cir. 2018) ("We note that, since filing this appeal, Smith has been transferred from Hays State Prison to the Georgia Diagnostic and Classification Prison.  This transfer does not affect our imminent danger analysis, as that analysis focuses on whether Smith alleged an imminent danger at the time his complaint was filed.") (unpublished) (citing 28 U.S.C. § 1915(g) and *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir.

---

[2] Under the Prison Litigation Reform Act, 28 U.S.C. § 1915, et seq., a prisoner who has filed at least three cases or appeals that have been dismissed as frivolous, malicious, or for failure to state a claim is barred from proceeding *in forma pauperis*, unless he can show he is at serious risk for imminent physical injury.  28 U.S.C. §1915(g).

Case No. 3:23cv739-LC-HTC

1999)); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("the availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. Andrews's removal from the California prison system after filing the complaint is therefore irrelevant to our § 1915(g) analysis."). Thus, Plaintiff's post-complaint surgery and transfer to FDOC custody does not alter his ability to proceed *in forma pauperis* in this action.

B.   **Custom or Policy of the County**

The County's second argument is that Plaintiff has failed to state a claim against the County because he has not pointed to a specific policy that resulted in a constitutional violation.

To prevail on a claim against the County for deliberate indifference to a medical need, Plaintiff must show "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). "'A policy is a decision that is officially adopted by the [governmental entity], or created by an official of such rank that he or she could be said to be acting on behalf of the [governmental entity]' while '[a] custom is a practice that is so settled and permanent that it takes on the force of law.'" *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997).

Here, Plaintiff alleges Jail officials followed a policy of denying medical treatment for hernias unless death was imminent. He claims the purpose of this policy was to save money. Plaintiff also alleges that he was not the only inmate who was denied hernia treatment. While Plaintiff does not identify a specific promulgated official policy of the County in the complaint, he does not need to do so at this stage of the proceedings. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 706 (11th Cir. 1985); *George v. Corrections Corp. of Am.,* 516-cv-254-MW/HTC, ECF Doc. 47 (rejecting report and recommendation and finding allegation that defendant had policy to avoid cataract surgery to be sufficient at motion to dismiss stage). Therefore, this argument also fails.

### C. Exhaustion of Escambia Jail Administrative Remedies

Plaintiff's third argument is that Plaintiff has failed to exhaust his administrative remedies prior to filing suit. On this point, the undersigned agrees.

Under the PLRA, "No action shall be brought with respect to prison conditions under section 1983 … by a prisoner … until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 524–32 (2002) (citations omitted). The purpose of exhaustion is "to eliminate unwarranted interference with

the administration of prisons in order to 'afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Parzyck v. Prison Health Serv., Inc.,* 627 F.3d 1215, 1217 (11th Cir. 2010) (citation omitted).

Exhaustion is required whether a plaintiff seeks declaratory and injunctive relief, monetary damages, or both. *See Booth*, 532 U.S. at 734, 741. "Failure to exhaust is an affirmative defense under the PLRA[.]" *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Abram v. Leu*, 759 F. App'x 856, 860 (11th Cir. 2019) (PLRA Exhaustion is an affirmative defense) (per curiam) (citing *Jones*, 549 U.S. at 216).

The defense of failure to exhaust under the PLRA is considered a matter of abatement under Fed. R. Civ. P. 12, and, thus, is treated like a defense of lack of jurisdiction. *Bryant v. Rich*, 530 F.3d at 1374, 1376. Consequently, a district court may properly consider "facts outside of the pleadings to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Id.*

Deciding a motion to dismiss for failure to exhaust administrative remedies involves two steps. *See Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). The court first "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint

dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* at 1082 (citation omitted). "If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*. at 1082.

The applicable exhaustion procedures here are the Jail's procedures, which are set forth in the Jail's Inmate Handbook. Those procedures "require inmates to file a formal written grievance within thirty days, appeal any denial of such grievance to the Section OIC or Support Supervisor, and then "[a]fter exhausting all other available grievance procedure outlined above, […] submit a written statement to the Commander or designee within 15 days requesting administrative review of the inmate's grievance and the decision rendered on appeal by the Section OIC or Support Supervisor." *See* Escambia County Jail Inmate Handbook at 12, available at https://myescambia.com/our-services/corrections/community-detention.

In the complaint, Plaintiff alleges he "has written numerous grievances and sick call requests concerning his hernia, to no avail. Grievances are futile in the Escambia County Jail and always go unanswered." ECF Doc. 1 at 16. In the motion to dismiss, the County argues that, while Plaintiff filed various grievances, he failed to appeal those grievances prior to filing suit. ECF Doc. 17-1 at 8-9. In his response, Plaintiff argues that he completed the entire grievance procedure, including appeals,

Case No. 3:23cv739-LC-HTC

but admits this all occurred *after* he filed suit. ECF Doc. 22 at 17-20. He contends, alternatively, that he should be excused from pursuing the Jail's administrative remedies because they are futile.

Based on documents attached to Plaintiff's response, Plaintiff filed several sick call requests from August 2022 to January 2023 and one electronic grievance before he filed suit on January 11, 2023, #221007692. However, he did not appeal that grievance to the OIC or Commander, which is required to exhaust the Jail's administrative remedies. Instead, Plaintiff admits he only appealed one grievance – one that was filed on January 26, 2023,[3] *after* he filed this suit on January 11, 2023. Because Plaintiff admits he did not appeal any grievance until after suit was filed, Plaintiff has failed to exhaust his administrative remedies. *See Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir.2000) (requiring exhaustion prior to complaint filing); *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (same). Thus, under the first stage of the *Turner* analysis, Plaintiff's complaint is subject to dismissal.

---

[3] On January 26, 2023, Plaintiff filed electronic grievance #227656572. ECF Doc. 22 at 17-20. In that grievance, Plaintiff complained that he was seen by a doctor on December 27, 2022, was told that surgery would happen right way, but still had no surgery in sight. *Id.* at 17-18. That grievance was denied by Nurse Gardner on January 30, who said that his referral had been made but he cannot know the date and time for security reasons. *Id.* at 18. On January 30, Plaintiff then appealed to the OIC, but it was again Nurse Gardner who denied this appeal on February 6, saying the appointment was made but scheduled at the discretion of the outside provider. *Id.* at 18-19. Plaintiff then appealed on February 7 to the Jail Commander but, again, Nurse Gardner denied the claim as "previously addressed, . . . unfounded, without merit, and therefore denied." *Id.* at 19-20.

Case No. 3:23cv739-LC-HTC

Plaintiff, nonetheless, argues he is exempted from exhausting his remedies because such remedies were futile. A remedy is unavailable, and thus futile, if: (1) the administrative remedy is "a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use … [and] no ordinary prisoner can navigate it;" or (3) prison officials "thwart inmates from taking advantage of [a grievance process] through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 643, 644 (2016).

The fact that Plaintiff was able to exhaust his administrative remedies after suit was filed shows administrative remedies were available. Plaintiff's complaint that "all of those grievances were indifferently responded to, not by any Jail Supervisor or Commander, but by Nurse C. Gardner all 3 times," is also insufficient to show the grievances were unavailable.

The unavailability exception is meant to be construed narrowly. *Wallace v. Baldwin*, 55 F.4th 535, 543 (7th Cir. 2022). Mere denial or delayed review of a prisoner's grievance does not make the grievance process unavailable, nor does Plaintiff's dissatisfaction with the outcome of those grievances. *Hill v. Berry*, No. 5:21-CV-379 (MTT), 2023 WL 2347436, at *1 (M.D. Ga. Mar. 3, 2023). Likewise, having the same person review or respond to the grievances or appeals does not render administrative remedies unavailable. In fact, the Handbook specifically

contemplates the OIC allowing a designee to accept and respond to appeals. *Id.* Therefore, Plaintiff has not shown that the Jail's administrative remedies were unavailable to him or that he exhausted those remedies prior to filing suit.

## IV. Conclusion

Accordingly, it is respectfully RECOMMENDED:

1. Defendant's Motion to Dismiss, ECF Doc. 17-1, be GRANTED and this action be DISMISSED for failure to exhaust.

2. The clerk be directed to close the file.

Done in Pensacola, Florida, this 10th day of July, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.